45 205
45 1091
45 1447

## No. 11,139.

### BOARD OF HEALTH VS. A. NUNEZ, JUSTICE OF THE PEACE.

Mandamus will not issue to compel a justice of the peace to dispose of a prosecution for violation of a parochial police ordinance by fine or acquittal where the justice has disposed of the matter by commitment to the District Court.

APPLICATION for Mandamus.

*Louque & McGloin* for the Relator:

1. The violation of a municipal police ordinance is not a crime; hence a proceeding to impose the penalty assigned is not criminal. 4 An. 337; 2 La. 427; 43 An. 836; 41 An. 1112; 42 An. 272; 35 An. 1193.
2. The Constitution of 1879 did not abrogate pre-existing legislation not in conflict with said Constitution.
3. R. S., Sec. 2053, is still in force and confers upon the justices of the peace in country parishes full jurisdiction as police magistrates, to enforce the municipal police ordinances of such parishes.
4. Mandamus will issue to compel a justice of the peace to dispose of a prosecution for violation of a parochial police ordinance, by fining or acquitting, where such justice has sought to dispose of the matter by commitment to the District Court. High, Ex. Leg. Rem. Sec. 151; 34 An. 1178; 41 An. 42.
5. The prosecuting witness in such a case has a cause of action to demand a mandamus.

*Henry Chiapella* and *Sambola & Ducros* for the Respondent:

Code of Practice, Arts. 837, 838, 830, 831; Constitution, Arts. 126, 86; Police Jury Ordinance, Secs. 1, 2, 3; Act No. 96, of 1880, Secs. 1, 2, 3, 4, p. 122.

A mandamus can not be granted to compel the lower judge to render a certain decision; it is only where he refuses to render a decision that the writ should issue. 15 An. 113; State ex rel. vs. Judge; 17 An. 328; State ex rel. vs. Judge Louque's Digest (Mandamus, 1 An. 2), p. 383.

A mandamus does not lie to compel judges to reverse their judgments and render specific judgments in place thereof. It would be substituting the judgment of the appellate court to theirs, in an authorized proceeding. 34 An. 1016; State ex rel. Cupples vs. Judges; Taylor's Digest (Mandamus, 1 An. 3), p. 460,

The opinion of the court was delivered by

BREAUX, J. The defendants, residents of the parish of St. Bernard,

are accused before the court of respondent, of violating an ordinance of the police jury of that parish, by operating a tripe cleaning and tallow factory, at a place and in a manner which makes it a nuisance and detrimental to public health.

The affidavit against them was sworn to by the assistant sanitary inspector of the Board of Health of the State of Louisiana.

They were arrested under warrants issued by the said justice's court, an examination was held, and they were committed to appear for trial before the District Court for the parish of St. Bernard, at the next criminal term, on each giving bail in the sum of $100.

The relator applies for a writ of mandamus.

The object of the writ is to compel the respondent, justice of the peace, to proceed with and finally determine the issues presented; to either convict or acquit the parties charged.

The respondent has not refused to act, and has committed the accused to the District Court.

The District Court is seized with jurisdiction and has authority to try the case.

When jurisdiction is once obtained it will be presumed to continue until final decision.

A prosecuting witness who prosecutes in the name of the "State of Louisiana" has no authority, in mandamus proceeding, to have a case sent back to the magistrate's court, nor to have the order rescinded whereby they were committed for trial before a forum having jurisdiction.

The enforcement of the ordinance, in the manner proposed by the relator, would be the exercise of a police power.

The magistrate would be a police magistrate, not a committing one. Police Jury of Jefferson, Right Bank, vs. J. B. Arleans, 34 An. 646.

The act complained of is in its nature public, also the consequent injury.

Its suppression is sought by process not civil, but in its nature criminal.

Since the adoption of the Constitution of 1879 the Legislature has not seen proper to enlarge the jurisdiction of justices of the peace by imposing other duties upon them, though the General Assembly may provide "for police or magistrates' courts and vest them with the enforcement of municipal ordinances. Const. 136.

The Sec. 2053 of the R. S. has undergone construction in the different parishes, and prior to the adoption of the present organic law it was construed as giving authority to exercise jurisdiction in *civil* cases, over all infractions of the levee laws and municipal ordinances and regulations of the respective parishes, where the penalty imposed in the violated ordinance did not exceed $100. A similar construction, in so far as relates to jurisdiction, since prevails.

In matter of the ordinances relative to public roads such has been the ruling. Parish of St. Martin ex rel. vs. Delahoussaye, 20 An. 1092.

Lately it was held that the process in enforcing a State law and an ordinance of the police jury before that court must be by citation. State ex rel. Long vs. Sikes, Justice of the Peace, 44 An. 949.

There is analogy in the case at bar in so far as relates to jurisdiction.

Our ruling must remain unchanged until the Legislature may see proper to confer on these magistrates in the parishes such duty devolving on police magistrates as the Constitution may sanction.

Section 2053 does not confer on justices of the peace jurisdiction to condemn or acquit an accused as in a criminal proceeding.

They may make a judgment in debt, within their jurisdiction, for violating ordinances of the police jury, but can not find an accused guilty and compel him to pay a fine or be imprisoned.

Criminal cases include prosecutions for offences punished by forfeitures and penalties; they include suits for the violation of ordinances. Wiggins vs. City of Chicago, 68 Ill. 372.

The order granting the rule *nisi* of date December 7, 1892, is discharged. The mandamus prayed for is refused at relator's costs.